# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JARED LAMAR HURST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:24-CV-01666 RWS |
| ) | |
| RICHARD ADAMS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's motion for appointment of counsel. [ECF No. 2]. There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). *See also Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that a "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion"). A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of

the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. The Court has reviewed the petition under 28 U.S.C. § 2254 for writ of habeas corpus, ECF No. 1, and does not believe that either the factual or legal issues are complex. Moreover, it appears that petitioner can adequately articulate and present his claims to the Court. The Court therefore finds that neither the interests of justice nor due process requires the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Jared Lamar Hurst's motion to appoint counsel [2] is **DENIED** without prejudice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2025.